## John C. Hoxsey, Appellant, v. St. Louis & Springfield Railway Company, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by John C. Hoxsey against the St. Louis & Springfield Railway Company to recover for personal injuries sustained by plaintiff by coming in contact with a wire of a certain telephone company which fell upon the trolley wire of defendant and became charged with electricity. On the first trial of the case the plaintiff recovered a judgment which was reversed and remanded on an appeal to the Appellate Court in 171 Ill. App. 109, the cause for reversal being that the declaration did not state a cause of action and was insufficient to support a judgment even after verdict.

After the cause was reinstated in the trial court, which was more than two years subsequent to the time of the injury, plaintiff amended the declaration by inserting therein certain additional averments. Defendant filed a plea of the general issue and a plea of the statute of limitations. A demurrer filed to the latter plea was overruled, and plaintiff electing to stand by his demurrer, judgment was rendered against him. To reverse the judgment, plaintiff appeals.

EDWARD C. KNOTTS and PEEBLES & PEEBLES, for appellant.

RINAKER & RINAKER and GEORGE W. BLACK, for appellee; GEORGE W. BURTON, of counsel.

PER CURIAM.

Hoxsey v. St. Louis & Springfield Ry. Co., 190 Ill. App. 565.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1725*—*when decision on former appeal conclusive*. The decision of the Appellate Court in a former appeal on questions of law involved cannot be reviewed and is binding on the parties and such court on a subsequent appeal.

2. LIMITATIONS OF ACTIONS, § 53*—*when amended declaration constitutes commencement of action*. In an action for personal injuries, where the suit was brought within the prescribed time by the filing of a declaration which did not state a cause of action and an amended declaration was filed which for the first time stated a cause of action, the suit is regarded as begun when the amended declaration was filed, and if the amended declaration is not filed within two years from the date of the injury, a plea of the statute of limitations is a good defense.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.